## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARLON JACKSON, SR.** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:09cv756-HSO-JMR** |
| | § | |
| **COCA-COLA BOTTLING COMPANY** | § | |
| **UNITED, INC., WAL-MART STORES** | § | |
| **EAST, L.P., and JOHN DOES 1** | § | |
| **THROUGH 3** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CASE WITHOUT PREJUDICE

BEFORE THE COURT is the Motion to Dismiss [19] of Defendant Coca-Cola Bottling Co. United, Inc., filed on May 14, 2010, in the above-captioned cause. Defendant seeks dismissal of Plaintiff's case with prejudice, for failure to comply with this Court's April 13, 2010, Order, directing Plaintiff to inform the Court in writing of his selection of new counsel or of his intention to proceed in this case *pro se* following his counsel's withdrawal from the case. Defendant Wal-Mart Stores East, L.P., filed a Joinder [21] in the Motion. After consideration of the record and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion to Dismiss should be granted in part and denied in part, and that Plaintiff's claims should be dismissed without prejudice.

## I. DISCUSSION

Plaintiff filed this suit in the Circuit Court of Hancock County, Mississippi, on October 1, 2009. Defendant Coca-Cola Bottling Company United, Inc. ("Coca-

Cola"), removed the case to this Court on November 4, 2009.[1]  *See* Notice of

Removal, at p. 1.  On March 19, 2010, counsel for Plaintiff filed a Motion [15] to

Withdraw as Attorney.  On April 13, 2010, Chief Magistrate Judge John M. Roper

held a hearing on the Motion to Withdraw, and granted the Motion.  Pursuant to

the Magistrate's Order [18] entered that same day, Plaintiff had thirty (30) days

from the date of the Order to inform the Clerk of Court, in writing, of his selection

of new counsel or of his intention to proceed *pro se*.  *See* Order [14], at p.1.  Plaintiff

was warned that failure to comply with the Court's Order within the time period

prescribed, or to show cause for his inability to do so, could result in dismissal of

this action.  *See id.*

On May 14, 2010, Coca-Cola filed the instant Motion to Dismiss [19], seeking

dismissal of the action for Plaintiff's failure to comply with the Magistrate's Order

[18].  Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), filed a Joinder [20] in the

Motion.  To date, Plaintiff has never responded to the Motion to Dismiss.  On

August 2, 2010, Defendant Coca-Cola filed a Motion to Stay Scheduling Order [24],

seeking a stay of the deadlines in this case, or alternatively, a thirty day extension

---

[1]  The Notice of Removal states that Plaintiff commenced this action on October 1, 2009.  *See* Notice of Removal, at p. 1.  Though Plaintiff signed the Complaint on October 1, 2009, it is difficult to discern from the Complaint whether it was stamped filed on October 1, 2009, or October 31, 2009.  *See* Compl., attached as Ex. "A" to Notice of Removal.  Regardless of when Plaintiff's Complaint was filed in the state court, any procedural defect in removal has been waived.  "Because untimely removal is not a jurisdictional defect, the procedural imperfection is waived if not raised in a timely motion to remand."  *Belser v. St. Paul Fire and Marine Ins. Co.*, 965 F.2d 5, at * 8 (5th Cir. 1992) (citing *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991)).

on its expert deadline, on grounds that the parties had been unable to conduct any meaningful discovery since the withdrawal of Plaintiff's attorney. Defendant Wal-Mart filed a Joinder [25] in the request. The Court granted this Motion by Text Order dated September 14, 2010.

Because Plaintiff had neither complied with the Magistrate's Order [18], nor responded to the Motion to Dismiss [19], the Court entered a Show Cause Order [33] on October 5, 2010, which ordered Plaintiff to "show cause, in writing, on or before October 25, 2010, why this case should not be dismissed for failure to prosecute and failure to comply with the Court's April 13, 2010, Order [18]." Order [33], at p. 2. Plaintiff has not filed any Response to the Show Cause Order to date. Nor has Plaintiff filed any other pleadings in this matter since the since the March 19, 2010, withdrawal of his attorney.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *See Link*, 370 U.S. at 630-31.

The record in this case is clear that Plaintiff has failed to comply with two (2)

of this Court's Orders, the first of which was entered over six months ago.  The

Court is of the opinion that dismissal for failure to prosecute, as well as for failing

to comply with this Court's Orders, is warranted in this case.

Defendants request dismissal of this action with prejudice.  It is true that a

dismissal for failure to prosecute may be with prejudice.  *See Link*, 370 U.S. at 629.

However, the Fifth Circuit has "deemed dismissal with prejudice a 'draconian

remedy' and a 'remedy of last resort.'"  *F.D.I.C. v. Conner,* 20 F.3d 1376, 1384 (5th

Cir. 1994) (*quoting Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir.

1985)).  The Fifth Circuit has warned that such a "lethal weapon" should only be

used under extreme circumstances, when lesser sanctions would have proved futile.

*See id.* (*citing E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir.

1993); *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir. 1984)).

Though Defendants have had to defend this action for over eleven (11) months and

have tried unsuccessfully to engage in meaningful discovery with Plaintiff, the

Court is nevertheless of the opinion that dismissal of Plaintiff's claims without

prejudice is appropriate in this case.

## II.  <u>CONCLUSION</u>

For the reasons stated herein, this Court will grant the Motion to Dismiss in

part, and will dismiss the Complaint in this cause pursuant to Rule 41(b), without

prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to

Dismiss [19] of Defendant Coca-Cola Bottling Co. United, Inc., filed on May 14,

-4-

2010, and joined in by Defendant Wal-Mart Stores East, L.P., on May 17, 2010, in the above-captioned cause, should be and hereby is **GRANTED IN PART AND DENIED IN PART**, and that Plaintiff's case should be, and hereby is, **DISMISSED WITHOUT PREJUDICE**.

   **SO ORDERED AND ADJUDGED**, this the 2nd day of November, 2010.


   *s/ Halil Suleyman Ozerden*
   HALIL SULEYMAN OZERDEN
   UNITED STATES DISTRICT JUDGE